248 P.3d 971 (2011)
241 Or. App. 567
STATE of Oregon, Plaintiff-Respondent,
v.
Shaun Patrick THOMAS, Defendant-Appellant.
071336; A141439.
Court of Appeals of Oregon.
Submitted January 28, 2011.
Decided March 16, 2011.
Peter Gartlan, Chief Defender, and Joshua B. Crowther, Chief Deputy Defender, filed the opening brief and a supplemental brief for appellant. Shaun Thomas filed a supplemental brief pro se.
John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Matthew J. Lysne, Assistant Attorney General, filed the opening brief for respondent. On the supplemental brief were John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Matthew J. Lysne, Assistant Attorney General.
Before HASELTON, Presiding Judge, and BREWER, Chief Judge, and ARMSTRONG, Judge.
PER CURIAM.
Defendant appeals a judgment of conviction for four counts of first-degree sodomy,[1] ORS 163.405, contending that the trial court erred in admitting a pediatric nurse practitioner's expert diagnosis, in the absence of any physical findings, that the victim had been sexually abused. Defendant did not preserve that contention in the trial court. However, we agree with defendant that the admission of that diagnosis was "an error of law apparent on the record," ORAP 5.45(1), in light of the Supreme Court's decision in State v. Southard, 347 Or. 127, 218 P.3d 104 (2009). For the reasons stated in State v. Merrimon, 234 Or.App. 515, 522, 228 P.3d 666 (2010), and State v. Lovern, 234 Or.App. 502, 513-14, 228 P.3d 688 (2010), we exercise our discretion to correct that error. Accordingly, we reverse and remand.[2]
Reverse and remanded.
NOTES
[1] The jury also found defendant guilty of four counts of first-degree sexual abuse, ORS 163.427. The trial court merged the counts of sexual abuse into the counts of sodomy "for sentencing purposes." On appeal, the parties raise no issues concerning the court's ruling in that regard.
[2] Our disposition in that regard obviates the need to address defendant's other assignment of error concerning the trial court's admission of statements by the expert "that indicated that she believed the victim was credible" as well as various contentions in defendant's pro se brief concerning purported trial- and sentencing-related errors. Further, we reject without discussion defendant's remaining contention in his pro se brief concerning the amendment to the indictment.